## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| JASON ZVER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 08 C 70 |
| | ) |
| CITY OF CHICAGO, ILLINOIS and | ) JUDGE BUCKLO |
| CHICAGO POLICE OFFICER | ) MAGISTRATE JUDGE NOLAN |
| J. A. NOWAK, Star No. 9632, and | ) |
| CHICAGO POLICE OFFICER | ) |
| D. J. STRIEGEL, Star No. 14511, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

**JURISDICTION and VENUE**

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiffs' rights as secured by the United States Constitution.

**ANSWER:** The City admits that Plaintiff purports to bring this action pursuant to 42 U.S.C. 1983 to redress an alleged deprivation under color of law of Plaintiff's rights as secured by the United States Constitution. The City denies the allegations contained in this paragraph to the extent that they pertain to the City. The City lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in this paragraph.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367.

**ANSWER:** The City admits the allegations contained in this paragraph.

3. Venue is proper under 28 U.S.C. 1391(b). All parties reside in this judicial

district and the events giving rise to the claims asserted in this complaint occurred within this district.

**ANSWER:**   The City lacks knowledge or information sufficient to form a belief as to whether Plaintiff resides in this judicial district.  The City admits the truth of the remaining allegations contained in this paragraph.

## PARTIES

4.   At all times relevant hereto, Plaintiff Jason Zver was a 23 year-old male resident of Chicago, Illinois.

**ANSWER:**   The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

5.   At all times relevant hereto, Defendant Officers were Police Officers for the City of Chicago and were acting under the color of the law and within the scope of their employment.

**ANSWER:**   Upon information and belief, based upon Chicago Police Department Records, the City admits the allegations contained in this paragraph.

6.   Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant Officers.

**ANSWER:**   The City admits it is a municipal corporation, duly incorporated under the laws of the State of Illinois.  The City admits it employs the Police Officers Nowak and Striegel.  The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

## FACTUAL ALLEGATIONS

7.   On or about January 4, 2007, Plaintiff was walking near the intersection of Lowe

2

Ave. and Union St. in Chicago, Illinois.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

8.     At all times relevant hereto, Plaintiff was acting fully in conformity with all laws, statutes, and ordinances of the United States, the State of Illinois and the City of Chicago.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

9.     Defendant Officers detained Plaintiff, and proceeded to illegally arrest and unconstitutionally search Plaintiff.

**ANSWER:** Upon information and belief, based on Chicago Police Department records, the City admits Police Officers Nowak and Striegel participated in the arrest of Plaintiff on January 4, 2007. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

10.    At this time, and all times relevant hereto, Defendant Officers did not have a search or an arrest warrant for Plaintiff and did not have probable cause to believe that Plaintiff had committed a crime or was about to commit a crime.

**ANSWER:** Upon information and belief, based on Chicago Police Department records, the City admits Plaintiff was arrested without a warrant on January 4, 2006. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

11.    Following the unconstitutional search, Plaintiff was handcuffed, arrested, and taken to a Chicago Police Station where he was falsely charged with two counts of Possession of a Controlled Substance in violation of 720 ILCS 550.0/4-D and 720 ILCS 550.0/4-B.

**ANSWER:**    Upon information and belief, based on Chicago Police Department records, the City admits that Plaintiff was arrested and was transported to the 9th District Chicago Police Station.  The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

12.    On January 23, 2007, this false charge against Plaintiff was dismissed for a finding of no probable cause.

**ANSWER:**    Upon information and belief, based on Cook County records, the City admits that on or about January 23, 2007, a Cook County Judge made a finding of no probable cause and Plaintiff's case was dismissed.  The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

**Count I - 42 U.S.C. § 1983 False Arrest**

13.    Plaintiff re-alleges paragraphs 1 through 12 as if fully repleaded herein.

**ANSWER:**    The City re-alleges its answers to paragraphs 1 through 12 as if fully re-pleaded herein.

14.    On January 4, 2007, Plaintiff was seized and arrested without a warrant and without probable cause.  This seizure and arrest were in violation of Plaintiff's rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

**ANSWER:**    Upon information and belief, based on Chicago Police Department Records, the City admits that Plaintiff was arrested without a warrant on January 4, 2007.  The City lacks knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph.

15.     Defendant Officers unlawfully and maliciously arrested Plaintiff and wrongfully detained and searched him without any legal right to do so, in their official capacity as law enforcement officers, under color of state law, and acting within the scope of their employment.

**ANSWER:**   Upon information and belief, based upon Chicago Police Department records, the City admits that Police Officers Nowak and Striegel were acting in their official capacity as law enforcement officers, under color of state law, and acting within the scope of their employment in participating in the arrest of Plaintiff.  The City lacks knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph.

16.    The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

- a.  As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

- b.  As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

- c.  As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police

        Department makes findings of wrongdoing in a disproportionately small number of cases;

    d.    Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

    e.    The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

    f.    As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

    g.    As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Office of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

    h.    The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegation that "the City sustains less than 5% of the complaints brought against Police officers for violations of civil rights." The City denies any and all remaining allegations contained in this paragraph, including all of its subparts.

17. The acts committed by Defendant Officers were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of Plaintiff's constitutional rights and would cause harm to Plaintiff.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

### Count II - 42 U.S.C. § 1983 Unlawful Search

18. Plaintiff re-alleges paragraphs 1 through 12 as if fully repleaded herein.

**ANSWER:** The City re-alleges its answers to paragraphs 1 through 12 as if fully re-pleaded herein.

19. Defendant Officers searched Plaintiff's person without a search warrant and without probable cause to believe plaintiff was committing or had committed a crime in violation of the 4th Amendment to the United States Constitution.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

20. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

   a. As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

   b. As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of

         misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

c.     As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

d.     Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

e.     The City of Chicago has failed to act ro remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

f.     As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

g.     As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officers is accused of the same misconduct, the Officer of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

h.     The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

**ANSWER:**   The City lacks knowledge or information sufficient to form a belief as to the truth of the allegation that "the City sustains less than 5% of the complaints brought against Police officers for violations of civil rights." The City denies any and all remaining allegations contained in this paragraph, including all of its subparts.

21.   The aforementioned actions of the Defendant Officers proximately caused Plaintiff to be deprived of his 4th Amendment right to be free from unlawful searches.

**ANSWER:**   The City denies the allegations in this paragraph to the extent that they pertain to the City of Chicago. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

## Count III - False Imprisonment

22.   Plaintiff re-alleges paragraphs 1 through 12 as if fully repleaded herein.

**ANSWER:**   The City re-alleges its answers to paragraphs 1 through 12 as if fully re-pleaded herein.

23.   Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code § 1367.

**ANSWER:**   The City admits the allegations contained in this paragraph.

24.   On January 4, 2007, Plaintiff was seized and detained without a warrant and without probable cause. This detention and seizure was in violation of Plaintiff's rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

**ANSWER:**   The City admits, on information and belief, based on Chicago Police Department records, that Plaintiff was arrested without a warrant on January 4, 2007. The City lacks knowledge or information sufficient to form a belief as to the truth of the

remaining allegations contained in this paragraph.

25. Defendant Officers and Defendant City unlawfully seized, detained, and wrongfully searched Plaintiff without any legal right to do so.

**ANSWER:** The City denies the allegations in this paragraph to the extent that they pertain to the City. The City lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

26. The acts committed by Defendant Officers and Defendant City were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of Plaintiff's constitutional rights and would cause harm to Plaintiff.

**ANSWER:** The City denies the allegations in this paragraph to the extent that they pertain to the City. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

**Count IV - Malicious Prosecution**

27. Plaintiff re-alleges paragraphs 1 through 12 as if fully repleaded herein.

**ANSWER:** The City re-alleges its answers to paragraph 1 through 12 as if fully re-pleaded herein.

28. Defendant Officers initiated and continued judicial proceedings against Plaintiff by intentionally making knowingly false statements in police reports and causing false testimony to be presented to a Cook County judge at the preliminary hearing. This false and malicious conduct resulted in Plaintiff being charged with and prosecuted for Possession of a Controlled Substance.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

29. Defendant officers instituted the judicial proceedings against Plaintiff with malice and with willful and wanton disregard for the truth.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

30. Defendant Officers brought said false charges and continued the prosecution of such false charges in order to cover up their own illegal conduct.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

31. On January 23, 2007, Plaintiff's case was dismissed.

**ANSWER:** The City admits the allegations contained in this paragraph based on a Certified Statement of Conviction/Disposition issued by the Clerk of the Circuit Court of Cook County, Illinois, dated February 14, 2008.

32. As a direct and proximate result of this illegal and malicious conduct, Plaintiff has suffered extensive damages, including but not limited to: severe emotional harm, legal and other out-of-pocket costs and other damages which will be proven at trial.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**Count V - Intentional Infliction of Emotional Distress**

33. Plaintiff re-alleges paragraphs 1 through 12 as if fully repleaded herein.

**ANSWER:** The City re-alleges its answers to paragraphs 1 through 12 as is fully re-pleaded herein.

34. Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code § 1367.

**ANSWER:** The City admits the allegations contained in this paragraph.

35. Defendant Officers' illegal arrest and unlawful seizure of Plaintiff were committed with intentional disregard for Plaintiff's innocence, and amount to extreme and outrageous conduct against Plaintiff.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

36. Defendants intended to inflict severe emotional distress upon Plaintiff and knew that there was a high probability that their conduct would cause him severe emotional distress and mental anguish.

**ANSWER:** The City denies the allegations in this paragraph to the extent that they pertain to the City. The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

37. As a direct and proximate result of this illegal and malicious conduct, Plaintiff suffered extensive damages, including but not limited to severe emotional harm, legal and other out-of-pocket costs and other damages which will be proven at trial.

**ANSWER:** The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

### Count VI - State Law Claims Against Defendant City
### *Respondeat Superior* and Indemnification

38. Plaintiff re-alleges paragraphs 1 through 12 as if fully re-pleaded herein.

**ANSWER:** The City re-alleges its answers to paragraphs 1 though 12 as if fully re-pleaded herein.

39. Illinois law provides that public entities, such as Defendant City, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within

the scope of his or her employment.

  **ANSWER:** The City states that Plaintiff's allegations in this paragraph are vague, incomplete and/or an inaccurate statement of Illinois statutory and common law regarding municipal indemnification, and therefore, the allegations contained in this paragraph are denied.

40. At all relevant times, Defendant Officers were agents of Defendant City and employees of the Chicago Police Department acting within the scope of their employment. Defendant City, therefore, is liable as principal for all torts committed by its agents, Defendant Officers.

  **ANSWER:** The City admits, upon information and belief, based upon Chicago Police Department records, that the Police Officers Nowak and Striegel were, at all times relevant to the complaint, employees of the Chicago Police Department acting within the scope of their employment. The City states that Plaintiff's allegation that Defendant City "is liable as principle for all torts committed by its agents, Defendant Officers," is a vague, incomplete and/or inaccurate statement of Illinois statutory and common law regarding municipal liability and therefore, the allegation is denied. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

WHEREFORE, the City prays that this Court enter judgment in its favor on Plaintiff's Complaint, award the City costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

**AFFIRMATIVE DEFENSES**

1.  Under the Illinois Tort Immunity Act, Defendant Officers are not liable for any of the state law claims alleged because a public employee is not liable for his or her acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute willful and wanton conduct. 745 ILCS 10/2-202.

2.  A municipality is not liable under a theory of <u>respondeat superior</u> for the constitutional violations of its employees. <u>See</u> <u>Board of County Commissioners of Bryan County, Oklahoma v. Brown</u>, 520 U.S. 397, 403 (1997).

3.  Under the Illinois Tort Immunity Act, a public employee serving in a position involving the determination of policy or exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused.

4.  Under the Illinois Tort Immunity Act, a public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, unless he acts maliciously and without probably cause. 745 ILCS 10/2-208.

5. Plaintiff has a duty to mitigate his damages, and any damages awarded to Plaintiff would be required to be reduced by any amount by which the damages could have been lessened by Plaintiff''s failure to take reasonable action to minimize those damages.

6.  To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by any wrongful conduct on the part of the Plaintiff, any verdict or

judgment obtained by Plaintiff based on any finding of "reckless" willful and wanton behavior, as opposed to "intentional" willful and wanton behavior, must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this case. See People of City of Rolling Meadows, 167 Ill.2d 41, 656 N.E.2d 768, 212 Ill. Dec. 171 (1995).

7.　　If the Defendant Officers are found not liable to the Plaintiff on any of his state claims, the City is not liable to the Plaintiff. 745 ILCS 10/2-109.

8.　　The Statute of Limitations for any claim under Illinois State Law Plaintiff is attempting to plead is one year. 754 ILCS 10/8-101. To the extent that Plaintiff's claims under state law accrued more than one year prior to his filing of this complaint against the Defendant Officers and the City those claims are time-barred and should be dismissed.

### JURY DEMAND

The City respectfully requests a trial by jury.

Respectfully submitted,
MARA S. GEORGES
CORPORATION COUNSEL
CITY OF CHICAGO

By:　　*/s/ Joan P. Altman*
　　　　JOAN P. ALTMAN
　　　　Assistant Corporation Counsel
　　　　30 N. LaSalle Street
　　　　Suite 1020
　　　　Chicago, Illinois 60602
　　　　(312) 744-2826
　　　　(312) 744-3989 (FAX)
　　　　ATTY. NO. 6285629